IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY DARYL WILKERSON,

        Petitioner,

v.

SHARON BLACKETTER,

        Respondent.

Civil No. 07-869-BR

OPINION AND ORDER

**MARK BENNETT WEINTRAUB**
Assistant Federal Public
Defender
151 W 7th Ave
Suite 510
Eugene, OR 97401

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**JACQUELINE SADKER KAMINS**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**.

## BACKGROUND

On March 13, 1997, a Douglas County grand jury indicted Petitioner on one count of Assault in the First Degree and two counts of Assault in the Second Degree. The charges arose from an incident in which Petitioner stabbed his brother in the face.

At the jury trial, Petitioner asserted self-defense. The evidence showed there was a verbal altercation, and, although Petitioner's brother drew a knife first, Petitioner also had a knife. After the two swung their knives at each other, Petitioner swung again and hit his brother in the face, cutting through the brim of his hat, breaking a bone, and coming within an eighth of an inch of his brother's eye. Petitioner's brother sustained several permanent scars and a permanent disfiguration near his left eyebrow where part of the bone was cut off.

Petitioner testified that his brother cut him across the chest first, Petitioner swung back and cut his brother, and then Petitioner ran away. He also testified he later threw his knife into some bushes. To support his self-defense claim, Petitioner also called a witness who testified that Petitioner arrived at her house after the fight. When she helped him remove his sweater,

2 - OPINION AND ORDER -

she said she saw a cut on Petitioner's chest that was deep, bloody, and "spread open." The witness did not, however, see any blood on the t-shirt Petitioner was wearing.

In closing statements, the prosecutor questioned the credibility of Petitioner's self-defense claim, but misstated the facts, stating that "[t]he first knife that came out belonged to the defendant." In fact, Petitioner's brother had admitted during his testimony "I pulled my knife out first."

The prosecutor also argued the physical evidence did not support Petitioner's self-defense claim:

> He claims that his brother Allen struck him with the butcher knife. You're going to have a picture. He's got a little nick deal but the evidence was that there wasn't any blood. None. Zero. There was no blood on this knife, on Allen's knife, nothing.
>
> . . .
>
> But even still -- even still -- ask yourselves, and you're absolutely right to ask yourself, if Defendant was cut -- everybody agreed he was wearing a white T-shirt -- if he was cut, where's the T-shirt because if the T-shirt would have a cut, the T-shirt would have blood. Where's the T-shirt? Do you have a T-shirt in evidence? Maybe it's with the knife. Maybe it's with the knife.

The jury convicted Petitioner on all three counts. On September 10, 1997, the trial judge held a sentencing hearing. The judge imposed an upward departure sentence of 240 months on the Assault in the First Degree conviction, and merged the other two counts to run concurrently. The court based the upward

3 - OPINION AND ORDER -

departure decision on two aggravating considerations: (1) Petitioner's "persistent involvement" in similar offenses; and (2) infliction of a "permanent injury." The court also imposed a 36-month term of post-prison supervision.

Petitioner directly appealed. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Wilkerson*, 169 Or. App. 306, 9 P.3d 157, *rev. denied*, 331 Or. 361, 19 P.3d 354 (2000). Appellate Judgment was entered on January 11, 2001.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge granted in part and denied in part the petition for relief. The judge vacated the 36-month term of post-prison supervision because he found the term of post-prison supervision, added to the 240-month prison sentence, exceeded the statutory maximum sentence. Relief was denied on the remaining claims.

Petitioner appealed the denial of PCR relief. Again, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Wilkerson v. Hill*, 207 Or. App. 767, 143 P.3d 570 (2006), *rev. denied*, 342 Or. 727, 160 P.3d 992 (2007).

While the PCR appeal was pending, Petitioner filed a Motion to Amend Judgment in the original trial court. Petitioner asserted the 240-month aggravated departure sentence on Count I

4 - OPINION AND ORDER -

was invalid under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2001). The trial court denied the motion to amend and issued a General Judgment. Petitioner did not appeal from this judgment.

On June 12, 2007, Petitioner filed his habeas corpus action in this Court. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges three claims for relief:

> **Ground One:** His trial attorney failed to object to improper prosecutorial closing argument that misstated the facts and shifted the burden of proof, in violation of Petitioner's right to the effective assistance of counsel under the 6th and 14th Amendments to the Constitution of the United States.
>
> **Ground Two:** His attorney at sentencing failed to assert a sound legal objection to an upward departure sentence under the Oregon Sentencing Guidelines, in violation of Petitioner's right to the effective assistance of counsel under the 6th and 14th Amendments to the Constitution of the United States.
>
> **Ground Three:** His sentence to imprisonment for double the presumptive length of sentence set forth in the Oregon Sentencing Guidelines, based on judicial findings of fact, violated his rights under the Sixth and Fourteenth Amendments to have a jury determine all factual issues necessary to enhance his sentence, by proof beyond a reasonable doubt, as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Respondent argues the claim alleged in Ground One does not warrant habeas corpus relief because it was correctly denied on the merits in the state PCR proceeding, and that decision is entitled to deference. Respondent also argues Petitioner procedurally defaulted the claims alleged in Grounds Two and Three

5 - OPINION AND ORDER -

and that, in any event, he is not entitled to relief on the merits of these claims.

## DISCUSSION

### I. Procedural Default

#### A. Legal Standards

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings ( e.g., state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are procedurally defaulted in federal court. *O'Sullivan*, 526 U.S. at 848. When a claim is procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the

6 - OPINION AND ORDER -

claims will result in a miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

### B. Analysis

#### 1. Ground Two

In Ground Two, Petitioner alleges trial counsel was ineffective for failing to object to the sentencing departures. In his Amended Petition for Post Conviction Relief, Petitioner alleged the trial judge erred in imposing upward departure sentences, and that *appellate* counsel provided ineffective assistance by failing to assign error to the upward departures. Petitioner did not, however, allege trial counsel failed to object to the upward departure sentences.

Although Petitioner did refer to trial counsel's performance at sentencing, he did so only to state that "[d]efense counsel failed to object to the State introducing evidence of other crimes through hearsay during the sentencing hearing." Resp. Exh. 108, p. 17. Petitioner went on to explain that the prosecutor presented a statement from an investigating officer to the effect that one of Petitioner's other brothers, James Wilkerson, told the officer Petitioner had cut him in a drunken rage. Petitioner argued trial counsel should have demanded the

7 - OPINION AND ORDER -

state to produce James Wilkerson as a witness so Petitioner could confront him.

That claim, however, is not the same claim alleged here, that trial counsel failed to object to the actual sentence. Because Petitioner did not allege trial counsel failed to object to the upward departure sentences in his PCR petition, the PCR trial court could not consider such a claim. See Or. Rev. Stat. § 138.550(3); *Bowen v. Johnson*, 166 Or. App. 89, 93, 999 P.2d 1159 (post-conviction relief "is available only as to claims that actually have been alleged in the petition or amended petition), *rev. denied*, 330 Or. 553, 10 P.3d 943 (2000).

Petitioner did argue in his PCR appeal that counsel was ineffective for failing to object to the upward departure sentences. The Court of Appeals could not consider the claim, however, because it was not preserved in the PCR trial court. See Or. R. App. P. 5.45; *State v. Gornick*, 340 Or. 160, 130 P.3d 780 (2006).

Accordingly, Petitioner did not present the claim alleged in Ground Two in a manner in which the state courts could consider its merits, and it is procedurally defaulted. Because Petitioner presents no cause and prejudice or fundamental miscarriage of justice to excuse the procedural default, habeas corpus relief must be denied on the claim alleged in Ground Two.

8 - OPINION AND ORDER -

## 2. Ground Three

In Ground Three, Petitioner alleges his upward departure sentence violated his right to a jury as provided in *Apprendi*. Petitioner did not raise his *Apprendi* claim at trial, on direct appeal, or in the PCR court. Instead, while his PCR appeal was pending, Petitioner filed a "Motion to Correct Errors in Judgment of Conviction and Sentence" under Or. Rev. Stat. § 138.083, asserting his claim that the 240-month aggravated departure sentence on Count I was invalid under *Blakely* and *Apprendi*. The trial judge denied Petitioner's motion. Petitioner argues his sentencing claim was thereby exhausted.

Under *State v. Harding*, 222 Or. App. 415, 417-18, 193 P.3d 1055 (2004), a criminal defendant may move the trial court to correct constitutional errors in his sentence such as an *Apprendi* or *Blakely* error. The trial court's ability to amend a judgment to correct such an error is, however, entirely discretionary. *Id.* As the *Harding* court noted, "[w]e emphasize . . . that, consistently with the discretionary nature of the trial court's error-modification authority under Or. Rev. Stat. § 138.083, the trial court was not required to correct the asserted error." *Id.* at 422.

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered

9 - OPINION AND ORDER -

unless there are special and important reasons" does not constitute a fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotations omitted); *but see Casey v. Moore*, 386 F.3d 896, 918 n. 23 (2004) (noting that a claim *is* exhausted *if* the state appellate court expressly addresses the claim, whether or not it was fairly presented), *cert. denied*, 545 U.S. 1146 (2005). Because review of a motion to correct a sentence under Oregon law is discretionary, Petitioner's claim was not "fairly presented" for purposes of the exhaustion requirement. *See Castille*, 489 U.S. at 351; *Casey*, 386 F.3d at 917-18. In any event, as discussed below, Petitioner's *Apprendi* claim fails on the merits.

## II. Relief on the Merits

### A. Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

10 - OPINION AND ORDER -

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

**B. Analysis**

    **1. Ground One**

Petitioner alleges trial counsel provided constitutionally ineffective assistance of counsel when he failed to object to the prosecutor's improper closing argument which misstated the facts and shifted the burden of proof.

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

11 - OPINION AND ORDER -

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

12 - OPINION AND ORDER -

At the evidentiary hearing, the PCR trial judge rejected Petitioner's ineffective assistance of counsel claim alleged in Ground One. He explained:

> The argument here in regard to the -- statements during [closing] argument, you know, the fact of the matter is, yes, some of them were probably improper, but at the same time, trial counsel was having to make decisions about whether to pop up and call somebody out on that and draw more attention to it or what to do. I simply cannot fault the choices that were made here, even though some of the arguments were improper, but not objecting to them in the context, I just can't see that that's inadequate representation.

Resp. Exh. 131, pp. 21-22.

This decision was not contrary to or an unreasonable application of *Strickland*. Under Oregon law, if a criminal defendant asserts self-defense, the prosecutor bears the burden of disproving the defense. *State v. Dahrens*, 192 Or. App. 283, 287, 84 P.3d 1122 (2004). Petitioner's defense was that his brother swung a knife at him, cutting his shirt and chest. The prosecutor commented on the lack of evidence in the record to support Petitioner's claim, which was permissible under Oregon law. *See State v. Monsebroten*, 106 Or. App. 761, 765-66, 809 P.2d 1366 (1991) (prosecutor permissibly commented on absence of evidence to support defense arguments). Because the prosecutor was not advising the jury of an improper burden, but rather commenting on the evidence, albeit in an inaccurate description, his statements

13 - OPINION AND ORDER -

were proper. Accordingly, trial counsel was not deficient for failing to object.

Moreover, there is no evidence Petitioner was prejudiced by trial counsel's failure to object. The trial court properly instructed the jury that the prosecutor bore the burden of proving Petitioner's guilty beyond a reasonable doubt and that counsel's arguments were not evidence. See Transcript, p. 420-21.

The PCR court's decision denying relief on the claim alleged in Ground One is entitled to deference as it was not contrary to or an unreasonable application of *Strickland*. Accordingly, habeas corpus relief must be denied on this claim.

### 3. Ground Three

Finally, Petitioner argues the state trial judge violated his rights when he denied Petitioner's motion to correct his sentence. The trial court was correct, however, because the sentence imposed on Petitioner does not violate *Apprendi*.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.[1] At the time Petitioner's direct appeal was pending, which was before *Blakely* was decided, "virtually every single federal circuit court" had concluded that "a departure from a presumptive sentence did not

14 - OPINION AND ORDER -

run afoul of *Apprendi* as long as the upward departure was authorized under the sentencing guidelines and did not exceed the statutory maximum" for the crime. *Peralta-Basilio v. Hill*, 203 Or. App. 449, 453, 454, 126 P.3d a (2005) (collecting federal circuit cases), *rev. denied*, 340 Or. 359, 132 P.3d 1056 (2006).[1] Here, Petitioner's departure sentence did not exceed the statutory maximum for the offenses for which he was convicted. Accordingly, the trial court's denial of the motion to correct the sentence was not contrary to or an unreasonable application of clearly established federal law, and Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

---

[1] While the principle was later clarified in *Blakely*, which required that facts permitting a sentence in excess of the standard range be submitted to a jury and proved beyond a reasonable doubt, *Blakely* is not retroactive and cannot provide Petitioner relief. *Schardt v. Payne*, 414 F.3d 1025, 1036 (2005).

15 - OPINION AND ORDER -

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 3rd day of June, 2010.

_____
ANNA J. BROWN
United States District Judge